IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL ENERGY, INC.<br>312 Walnut Street<br>Suite 2650<br>Cincinnati, OH 45202,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLIE McBRIDE ASSOCIATES, INC.<br>1140 Connecticut Avenue, N.W.<br>Suite 1050<br>Washington, D.C. 20036,<br><br>SERVE:  Charles W. McBride<br>           1140 Connecticut Avenue, N.W.<br>           Suite 1050<br>           Washington, D.C. 20036,<br><br>      Defendant. | Civil Action No. _____ |

## COMPLAINT FOR STAY OF ARBITRATION PROCEEDINGS

Plaintiff Global Energy, Inc., for its Complaint against defendant Charlie McBride Associates, Inc., states and alleges as follows:

1.     This action involves an improper attempt by defendant Charlie McBride Associates, Inc. ("CMA") to compel Global Energy, Inc. ("Global Energy") to arbitrate a fee dispute to which Global Energy is not a proper party and pursuant to an arbitration agreement between CMA and a now-defunct third party – an arbitration agreement to which Global Energy was never a party and of which Global Energy was not even aware until CMA sought to involve Global Energy in the fee dispute with the third party.

### PARTIES

2.     Global Energy is an energy technology company that provides an environmentally-superior method of producing low-cost synthetic gas for power generation and

industrial uses. Global Energy is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

3. CMA is a registered lobbying firm. Upon information and belief, CMA is a District of Columbia corporation with its principal place of business in the District of Columbia.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a) because CMA resides in this judicial district and because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS

6. In October 2005, CMA entered into a letter agreement (the "Letter Agreement") with Reynolds Financial Group, LLC ("Reynolds Financial"), a small Florida investment bank, pursuant to which CMA was to "use its best efforts through legislative and Federal agency contacts and communications" to assist "GR Development, Inc.," a purported joint venture involving Reynolds Financial, in developing a coal gasification or liquefaction facility to provide fuel to the United States Air Force. The Letter Agreement was signed by Charlie McBride on behalf of CMA and Lewis A. Reynolds as President and CEO of Reynolds Financial. A true and correct copy of the letter agreement is attached hereto as Exhibit A.

7. The Letter Agreement provided that, as consideration for six months' work, CMA would be paid $20,000 per month, for a total of $120,000.

8. Although the Letter Agreement referred to "GR Development, Inc.," no such

entity existed. Further, although the Letter Agreement indicated that "GR Development, Inc." was a "joint venture" of Reynolds Financial and Global Energy – a sometime Reynolds Financial client – no such joint venture existed.

9. Global Energy was not a party to the Letter Agreement, did not sign the Letter Agreement, was not an addressee of the Letter Agreement, did not authorize the Letter Agreement, and was completely unaware of the Letter Agreement – or of any agreement involving Reynolds Financial and CMA.

10. Upon information and belief, Reynolds Financial made payments totaling $40,000 to CMA, then ceased making payments.

11. Upon information and belief, Reynolds Financial no longer exists and efforts by CMA to locate Lewis A. Reynolds have been unsuccessful.

12. After trying unsuccessfully to collect further payments from Reynolds Financial, CMA commenced a binding arbitration action under the auspices of the American Arbitration Association in Washington, DC, against Global Energy and Reynolds Financial. In its Demand for Arbitration, CMA seeks $80,730.68 in damages, plus attorneys fees, interest, and costs.

13. CMA's sole purported basis for subjecting Global Energy to binding arbitration is the Letter Agreement, which provides that the Letter Agreement is "enforceable in accordance with its terms under the laws of the District of Columbia in accordance with the rules of the American Arbitration Association, by a single arbitrator located in the District of Columbia."

14. Global Energy is not and was not a party to the Letter Agreement. Moreover, there is not and has not been any agreement, on any subject, between Global Energy and CMA.

15. Global Energy has not agreed to any arbitration proceeding involving CMA.

16. Upon learning that CMA had filed an arbitration action against it, Global Energy

promptly objected to its inclusion in the arbitration proceeding. (The arbitrator, who was selected solely by CMA, concluded that he could require Global Energy to submit to arbitration pursuant to Rule R-7 of the American Arbitration Association's Commercial Arbitration Rules, which provides that an arbitrator can rule on "the existence, scope, or validity of the Arbitration Agreement.")

17. There has been no arbitration hearing, award, or determination on the merits of CMA's claim. However, an arbitration hearing is scheduled for August 29, 2007.

## COUNT I
### (Request for Injunctive Relief)

18. Global Energy reasserts each and every allegation contained in paragraphs 1 through 17, as if fully restated herein.

19. No agreement to arbitrate exists between CMA and Global Energy.

20. No basis exists for compelling Global Energy to participate in the arbitration proceeding, or to be bound by any determination or award of the arbitrator.

21. Pursuant to D.C. Code § 16-4302(b), this Court may stay the arbitration proceeding, and shall "forthwith and summarily" determine whether an enforceable agreement to arbitrate exists.

22. Because no agreement to arbitrate exists between Global Energy and CMA, Global Energy is entitled to an order immediately and permanently staying the arbitration proceeding filed by CMA against Global Energy.

## PRAYER FOR RELIEF

WHEREFORE, Global Energy prays that the Court:

1.  Order that the arbitration matter commenced by CMA against Global Energy, American Arbitration Association Case No. 16 0145 00824 06, be immediately and permanently stayed; and

2.  Grant Global Energy such other and further relief as to the Court seems just and proper.

Dated:  August 2, 2007

Respectfully submitted,

_____
Creighton R. Magid (D.C. Bar #476961)
Dorsey & Whitney LLP
1050 Connecticut Avenue, NW
Suite 1250
Washington, DC 20036
Telephone: (202) 442-3000
Facsimile:  (202) 442-3199
magid.chip@dorsey.com

*Counsel For Plaintiff*
*Global Energy, Inc.*

03/06/07  TUE 12:37 FAX 202 466 4213     Charlie McBride Assoc                                    ☒002
Received 03/06/2007 12:53PM in 04:30 on line [3] for MC1609 * Pg 2/11

# CAPITAL TECHNOLOGY GROUP, INC.

SUITE 1050
1140 CONNECTICUT AVENUE, N.W. WASHINGTON, D.C. 20036
(202) 833-0134   FACSIMILE (202) 466-4213

October 20, 2005

Mr. Lewis A. Reynolds
President & CEO
Reynolds Financial Group
319 Clematis Street
Suite 512
West Palm Beach, Florida 33401

Dear Lewis:

This letter of engagement will confirm our agreement related to services by Charlie McBride Associates, Inc. ("CMA") to assist GR Development, Inc. (a joint venture of Global Energy, Inc. and Reynolds Financial Group, LLC) or its assignee or designee (herein referred to as "You") regarding the possible development of a coal-gasification/liquefaction facility utilizing Montana and/or other Western coal to provide fuel to the U.S. Air Force and/or some other agency of the U.S. Government (a "Project").

In consideration for the arrangements set forth below, CMA will use its best efforts through legislative and Federal agency contacts and communications, as it deems fit and appropriate, to enable you to become the developer and/or operator of such a Project. You will provide CMA with all necessary information and materials reasonably necessary to perform these undertakings. It is understood that there is no guarantee that such efforts by CMA will be successful in whole or in part. Such contacts and communications shall be disclosed to you in a timely manner, and you shall have full opportunity to comment upon and make inputs with respect to proposed CMA undertakings on your behalf pursuant to this agreement.

Consideration payable to CMA will be as follows:

(1) For a six-month period, you will pay CMA a retainer of $20,000 per month; the first such payment to be returned with this signed and executed Agreement. For subsequent payments, CMA will invoice you on the first of each month, commencing November 1, 2005, net 30 days. The final invoice will be dated March 1, 2006. You agree to pay ordinary out-of-pocket expenses incurred by CMA, upon receipt of proper documentation thereof (any expenditure over $250 to receive your prior approval). The full amount of the unpaid retainer shall be due and payable if for any reason whatsoever performance of this agreement is suspended prior to the expiration of the six-month term of this agreement. Any extensions of this Agreement shall be on terms mutually agreed to by the parties.



PLAINTIFF'S
EXHIBIT
A

03/06/07 TUE 12:37 FAX 202 466 4213    Charlie McBride Assoc                              ☒003
Received 03/06/2007 12:53PM in 04:30 on line [3] for MC1609 * Pg 3/11

Letter of Engagement
Page Two

(2)   Upon the closing of any financing related to or associated with the development of the aforementioned Project, by you or any of your assignees or designees, directly or indirectly, you agree to pay CMA in a single lump-sum payment, a success fee of $2,500,000. This obligation shall survive the expiration of the term of this Agreement and continue in full force and effect for a period of three (3) years from the date hereof. It shall not be subject to any adjustment without the mutual consent of the parties.

The parties acknowledge that the payments contemplated in (1) above are not predicated on achievement of the success events specified in (2) above. This letter represents the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior oral discussions.

This letter constitutes a binding contract, enforceable in accordance with its terms under the laws of the District of Columbia in accordance with the rules of the American Arbitration Association, by a single arbitrator located in the District of Columbia. Such arbitrator shall be agreed to by the parties, or, if they cannot reach such agreement, by a single arbitrator selected by the American Arbitration Association of the District of Columbia.

Please indicate your agreement by executing on behalf of Reynolds Financial Group and Global below and returning a copy to me. I look forward to working with you and your colleagues.

Sincerely,

Charlie McBride

AGREED and ACCEPTED:

Lewis A. Reynolds
President & CEO

10/2/05
Date

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
GLOBAL ENERGY, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Ohio
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
CHARLIE MCBRIDE ASSOCIATES, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Creighton R. Magid (#476961), DORSEY & WHITNEY LLP,
1050 Connecticut Avenue, N.W., Suite 1250, Washington, D.C. 20036  (202) 442-3555

ATTORNEYS (IF KNOWN)
Michael R. Charness, VINSON & ELKINS LLP,
1445 Pennsylvania Avenue, N.W., Suite 600,
Washington, D.C. 20004 (202) 639-6780

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☒ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Sections 1332 and 1391(a)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 8/2/07   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.