IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL ENERGY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLIE McBRIDE ASSOCIATES, )<br>INC., )<br>)<br>Defendant. ) | Civil Action No. 1:07-cv-01410 |

**PLAINTIFF'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO STAY ARBITRATION PROCEEDINGS PENDING THE RESOLUTION OF ITS COMPLAINT FOR INJUNCTIVE RELIEF**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule LCvR 65.1, plaintiff hereby applies for the issuance of an order staying the arbitration proceeding brought by the defendant, Charlie McBride Associates, Inc., against Global Energy, Inc. that gave rise to the original complaint filed in this case.

The grounds for this application are that Section 16-4302 of the District of Columbia Uniform Arbitration Act requires the Court to determine whether an agreement to arbitrate exists and that defendant will not be injured if the injunction issues.

In support of this application, plaintiff respectfully refers the Court to the certificate of counsel and the memorandum of points and authorities filed herewith.

-2-

A proposed order is attached.

Dated:  August 14, 2007                                   Respectfully submitted,


                                                          _____/s/ Creighton R. Magid_____
                                                          Creighton R. Magid (D.C. Bar #476961)
                                                          Dorsey & Whitney LLP
                                                          1050 Connecticut Avenue, NW
                                                          Suite 1250
                                                          Washington, DC 20036
                                                          Telephone: (202) 442-3000
                                                          Facsimile:  (202) 442-3199
                                                          magid.chip@dorsey.com

                                                          *Counsel For Plaintiff*
                                                          *Global Energy, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL ENERGY, INC.<br><br>        Plaintiff,<br><br>v.<br><br>CHARLIE McBRIDE ASSOCIATES, INC.,<br><br>        Defendant. | Civil Action No. 1:07-cv-01410 |

## CERTIFICATE OF COUNSEL REQUIRED BY RULE LCvR 65.1(A)

Pursuant to Rule LCvR 65.1(a) of the Rules of this Court, the undersigned counsel for plaintiff hereby certifies that (1) actual notice of the time of making the application, and copies of all pleadings and papers filed in this action to date, or to be presented to the Court at the hearing, have been furnished to counsel for the defendants, and (2) he has discussed the scheduling of the hearing on the application for a temporary restraining order with counsel for the defendants, and all parties are standing by for the Court to set a time for the application to be heard. Plaintiff requests that the hearing be scheduled for the morning of Friday, August 17, 2007.

Dated:  August 14, 2007                    Respectfully submitted,


                                           _____/s/ Creighton R. Magid_____
                                           Creighton R. Magid (D.C. Bar #476961)
                                           Dorsey & Whitney LLP
                                           1050 Connecticut Avenue, NW
                                           Suite 1250
                                           Washington, DC 20036
                                           Telephone: (202) 442-3000
                                           Facsimile:  (202) 442-3199
                                           magid.chip@dorsey.com

                                           *Counsel For Plaintiff*
                                           *Global Energy, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL ENERGY, INC.<br><br>        Plaintiff,<br><br>v.<br><br>CHARLIE McBRIDE ASSOCIATES, INC.,<br><br>        Defendant. | Civil Action No. 1:07-cv-01410 |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING ORDER TO STAY ARBITRATION PROCEEDINGS PENDING THE RESOLUTION <u>OF ITS COMPLAINT FOR INJUNCTIVE RELIEF</u>**

This case arises out of an improper attempt by defendant Charlie McBride Associates, Inc. ("CMA") to compel Global Energy, Inc. ("Global Energy") to arbitrate a fee dispute pursuant to an arbitration agreement to which Global Energy is not a party. The arbitration agreement at issue was entered into by CMA and a now-defunct third party. Global Energy was not even aware of the alleged arbitration agreement until CMA sought to involve Global Energy in the fee dispute with the third party.

<u>BACKGROUND</u>

In response to CMA's improper attempt to compel Global Energy to arbitrate the matter, Global Energy filed a complaint in this Court on August 2, 2007 (the "Complaint"). In the

Complaint, Global Energy seeks a permanent injunction enjoining CMA from compelling Global Energy to submit to arbitration.

CMA was served with a copy of the Complaint on August 6, 2007. The arbitrator selected by CMA to preside over the arbitration was also provided a copy of the Complaint. Both CMA and the arbitrator have refused to stay the proceedings on their own accord. The arbitration proceeding is currently scheduled for August 23, 2007.

### *The Letter Agreement*

As alleged in the Complaint, in October 2005, CMA entered into a letter agreement (the "Letter Agreement") with Reynolds Financial Group, LLC ("Reynolds Financial"), a small Florida investment bank. Under the terms of the Letter Agreement, CMA was to "use its best efforts through legislative and Federal agency contacts and communications" to assist "GR Development, Inc.," a purported joint venture involving Reynolds Financial, in developing a coal gasification or liquefaction facility to provide fuel to the United States Air Force. The Letter Agreement was signed by Charlie McBride on behalf of CMA and Lewis A. Reynolds as President and CEO of Reynolds Financial.

The financial terms of the Letter Agreement provided that, as consideration for six months' work, CMA would be paid $20,000 per month, for a total of $120,000. The Letter Agreement also provided that CMA could earn another $2,500,000, if a contract was signed for the development of a coal gasification or liquefaction facility.

Although the Letter Agreement referred to "GR Development, Inc.," no such entity existed. Further, although the Letter Agreement indicated that "GR Development, Inc." was a "joint venture" of Reynolds Financial and Global Energy – a sometime Reynolds Financial client – no such joint venture existed. Global Energy was not a party to the Letter Agreement, did not

sign the Letter Agreement, was not an addressee of the Letter Agreement, did not authorize the Letter Agreement, and was completely unaware of the Letter Agreement – or of any agreement involving Reynolds Financial and CMA.

### *CMA seeks payment from Global Energy*

Approximately six months after CMA and Reynolds Financial entered into the Letter Agreement, Global Energy was made aware of its existence when CMA demanded payment from Global Energy. CMA claimed that Global Energy owed it $80,000. Apparently, Reynolds Financial made payments of $40,000 to CMA under the Letter Agreement and then ceased making payments. Reynolds Financial apparently no longer exists.

After trying unsuccessfully to collect further payments from Reynolds Financial, CMA commenced a binding arbitration action under the auspices of the American Arbitration Association in Washington, DC, against Global Energy and Reynolds Financial. In its Demand for Arbitration, CMA seeks $80,730.68 in damages, plus attorneys fees, interest, and costs.

CMA's sole purported basis for subjecting Global Energy to binding arbitration is the Letter Agreement, which provides that the Letter Agreement is "enforceable in accordance with its terms under the laws of the District of Columbia in accordance with the rules of the American Arbitration Association, by a single arbitrator located in the District of Columbia."

Upon learning that CMA had filed an arbitration action against it, Global Energy promptly objected to its inclusion in the arbitration proceeding. The arbitrator, who was selected solely by CMA, concluded that he could require Global Energy to submit to arbitration pursuant to Rule R-7 of the American Arbitration Association's Commercial Arbitration Rules, which provides that an arbitrator can rule on "the existence, scope, or validity of the Arbitration Agreement."

*Global Energy is not a party to the Letter Agreement*

Global Energy is not and was not a party to the Letter Agreement. In addition, there is not and has not been any agreement, on any subject, between Global Energy and CMA. Moreover, Global Energy has not agreed to any arbitration proceeding involving CMA. Finally, there has been no arbitration hearing, award, or determination on the merits of CMA's claim.

## ARGUMENT

### I. STANDARD FOR GRANTING EMERGENCY RELIEF

A temporary restraining order on a preliminary injunction is appropriate when the plaintiff demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will result in the absence of the requested relief; (3) that no other parties will be harmed if temporary relief is granted; and (4) that the public interest favors entry of a temporary restraining order. Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977). This test is intended to present the flexibility to grant relief upon a showing of "either a high probability of success and some injury, or vice versa." Cuomo v. United States Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985)(per curiam); see also Holiday Tours, 559 F.2d at 843.

"It is well-established, however, that, when, as is the case, an injunction is expressly authorized by statute and the statutory conditions are satisfied, the usual prerequisite of irreparable injury need not be established." South Cent. Bell Telephone Co. v. Louisiana Public Service Com'n, 744 F.2d 1107, 1120 (5th Cir. 1984).

In the instant action, the injunction is expressly authorized by statute. Under section 16-4301 of the District of Columbia Uniform Arbitration Act (the "DCUAA"), the authority of the arbitrator derives solely from the consent of the parties. "To ensure that this principle of authority by consent is respected, the DCUAA allows an objecting party to seek judicial

4

determination of the scope of consent either before, during or after an arbitration." <u>Grad v. Whetherholt Galleries</u>, 660 A.2d 903, 908 (D.C. 1995). The DCUAA grants the Court the power to "stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." DC ST § 16-4302(b). As the DCUAA provides for the stay, the prerequisite of irreparable injury is not required in this action.

Thus, the test in the instant action is whether Global Energy can demonstrate a substantial likelihood of success on the merits at a minimum of injury to CMA.

### A. **Global Energy has demonstrated a substantial likelihood of success on the merits.**

"It is inappropriate and impossible to require entities or individuals who are not parties to an agreement to arbitrate, who have not in fact consented to arbitration, to participate under duress to arbitration." <u>Grad</u>, 660 A.2d at 906. Arbitration "is a mutual act between the parties to an agreement who have decided *mutually* to submit any dispute jointly to the resolution of a third party." <u>Id</u>. (*emphasis* added).

Here, CMA claims Global Energy is required to submit to the jurisdiction of an arbitrator based on the Letter Agreement. As discussed above, Global Energy is not a signatory to the Letter Agreement and did not grant authority to any other entity to enter into the Letter Agreement with CMA. CMA never sought Global Energy's signature for, or consent to, the Letter Agreement. Moreover, Global Energy has never consented to arbitration with CMA regarding any issue.

Because Global Energy never agreed to submit any dispute with CMA to arbitration, it cannot be compelled to arbitrate CMA's claims of nonpayment. <u>Grad</u>, 660 A.2d at 906; DC ST § 16-4302(b). Global Energy has therefore demonstrated a substantial likelihood of success on

the merits of its claim that it is not subject to the jurisdiction of an arbitrator on the claims made by CMA.

### B. CMA will suffer no harm if the Court Stays the Arbitration.

CMA will suffer no harm if the stay is ordered by the Court. CMA has brought what amounts to a collections case against Global Energy. There are no allegations made by CMA that a business relationship is suffering or that CMA is being deprived of the use of property because of its claim against Global Energy. CMA will not be denied a forum; if it feels that it has a legal basis for an action against Global Energy, it may pursue the claim in District of Columbia Superior Court or in this Court. Moreover, both CMA and Global Energy will be spared unnecessary expense if they are not required to participate in the arbitration proceeding before receiving a ruling from this Court as to whether Global Energy may be required under duress to submit to arbitration in the first place.

As set forth above, the DCUAA allows a party to dispute the existence of an agreement to arbitrate either before, during, or after an arbitration. Grad, 660 A.2d at 908. Thus, if the stay is not granted by the Court, Global Energy will simply file papers with this Court to have the issue determined at the conclusion of the arbitration, which would result in unnecessary and duplicative litigation.

Because CMA will suffer no harm by the Court ordering a stay of the arbitration pending resolution of Global Energy's contention that it is not a party to the Letter Agreement, the stay of the arbitration should be ordered by the Court.

### CONCLUSION

For the reasons set forth above, Global Energy respectfully requests that the arbitration matter commenced by CMA against Global Energy, American Arbitration Association Case No.

16 0145 00824 06, including the hearing scheduled for August 23, 2007, be immediately stayed pending a full hearing on the merits.

Dated:  August 14, 2007                          Respectfully submitted,


                                                 _____/s/ Creighton R. Magid_____
                                                 Creighton R. Magid (D.C. Bar #476961)
                                                 Dorsey & Whitney LLP
                                                 1050 Connecticut Avenue, NW
                                                 Suite 1250
                                                 Washington, DC 20036
                                                 Telephone: (202) 442-3000
                                                 Facsimile:  (202) 442-3199
                                                 magid.chip@dorsey.com

                                                 *Counsel For Plaintiff*
                                                 *Global Energy, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLOBAL ENERGY, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLIE McBRIDE ASSOCIATES, )<br>INC., )<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:07-cv-01410 |

### (PROPOSED) ORDER

This matter came before the Court upon plaintiff's Emergency Application for a Temporary Restraining Order to Stay Arbitration Proceedings Pending the Resolution of its Complaint for Injunctive Relief (the "Application"). Based on plaintiff's Application, any response thereto and oral argument of the parties,

IT IS on this _____ th day of August, 2007,

ORDERED that Global Energy, Inc.'s Emergency Application for a Temporary Restraining Order to Stay Arbitration Proceedings Pending the Resolution of its Complaint for Injunctive Relief is GRANTED, and the arbitration commenced by defendant, Charles McBride Associates, Inc. is stayed until further order of this Court.

**IT IS SO ORDERED:**

Dated: _____                     _____
                                            JUDGE, U.S. DISTRICT COURT