IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GLOBAL ENERGY, INC.,** | ) | Civil Action No. 1:07-cv-01410-JR |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S ANSWER TO** |
| | ) | **COMPLAINT** |
| **CHARLIE MCBRIDE ASSOCIATES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant, denying each and every allegation of the Complaint not specifically admitted, hereby answers the Complaint of the Plaintiff as follows:

## FOR A FIRST DEFENSE

1. Defendant denies the allegations made in Paragraph 1.

## PARTIES

2. Paragraph 2 consists of Plaintiff's characterization of its business and of its citizenship. To the extent a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Defendant admits the allegations in Paragraph 3.

## JURISDICTION

4. Paragraph 4 states a legal conclusion to which a response is not required. To the extent a response may be required, Defendant admits that it is seeking greater than $75,000, exclusive of interest and costs, in the arbitration proceeding to which Global Energy is a party. Defendant denies the remaining allegations in paragraph 4.

5. Paragraph 5 states a legal conclusion to which a response is not required. To the extent a response may be required, Defendant admits that it resides in this judicial district and that events giving rise to Plaintiff's claim occurred in this judicial district. Defendant denies the remaining allegations in paragraph 5.

**FACTS**

6. Defendant admits that it signed the letter agreement attached as Exhibit A to Plaintiff's Complaint. Defendant admits that Lewis A. Reynolds signed the agreement, but Mr. Reynolds signed it on behalf of the joint venture. Defendant believes that the document speaks for itself and accordingly denies Plaintiff's remaining allegations in paragraph 6.

7. Defendant admits that part of the consideration authorized by the Letter Agreement is a $20,000 a month retainer for six months. Defendant denies the remaining allegations in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant admits that it received payments totaling $40,000, but denies Plaintiff's allegations that the payments were not made on behalf of the joint venture. Defendant denies the remaining allegations in paragraph 10.

11. Defendant is without sufficient knowledge as to the continued existence of Reynolds Financial and therefore denies the allegations concerning Reynolds Financial's existence. Defenendant denies the remaining allegations contained in paragraph 11.

12. Defendant admits that it tried to collect from GR Development, Inc. (otherwise known as "Defense Fuels Inc.") and that it commenced a binding arbitration action against the

joint venture partners Global Energy and Reynolds Financial for $80,730.68 in damages, plus attorneys fees, interest, and costs. Defendant denies the remaining allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits that the arbitrator, after extensive briefings from Global Energy and CMA, ruled that Global Energy was part of the joint venture and was therefore subject to the arbitration proceeding. A true and correct copy of the arbitrator's decision is attached hereto as Exhibit A. Defendant denies the remaining allegations in paragraph 16.

17. An arbitration hearing was held on August 23, 2007. Defendant admits remainder of the allegations in paragraph 17.

## COUNT 1
(Request for Injunctive Relief)

18. In answering Paragraph 18, Defendant incorporates herein by reference its responses to the allegations of Paragraphs 1-17.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Paragraph 21 states a legal conclusion to which a response is not required. To the extent a response may be required, Defendant generally denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

## FOR A SECOND DEFENSE

23. Plaintiff's claim must be dismissed because the Letter Agreement specifically provides that it is enforceable in accordance with the rules of the American Arbitration Association, and the arbitrator in this case determined, under those rules, that Global Energy was

3

a member of the joint venture and was a proper party to the arbitration. Both the United States Federal Arbitration Act and the District of Columbia Uniform Arbitration Act state that contractual agreements to arbitrate are valid, irrevocable and enforceable. 9 U.S.C. § 2; D.C. Code § 16-4301. Therefore, this court must defer to the judgment of the arbitrator.

WHEREFORE, having fully answered the Plaintiff's Complaint, Defendant prays that Plaintiff's Complaint be dismissed, with prejudice, and that Defendant be granted any additional appropriate relief from the Court.

Respectfully Submitted,

/s/   Michael R. Charness
Michael R. Charness  (DC Bar # 289322)
Vinson & Elkins, LLP
The Willard Office Building, Ste. 600
1455 Pennsylvania Ave., N.W.
Washington, DC  20004-1008
202.639.6500 (Phone)
202.639.6604 (Fax)

Dated:  August 27. 2007          Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that, on this twenty-seventh day of August, 2007, I caused the foregoing Answer to be filed and served using the Court's ECF system and also caused these same papers to be served on the person listed below by first class mail, postage prepaid:

**Creighton R. Magid**
DORSEY & WHITNEY, L.L.P.
1050 Connecticut Avenue, NW
Suite 1250
Washington, DC 20036
(202) 442-3555
Fax: (202) 442-3199
Email: magid.chip@dorseylaw.com

                                              /s/  Michael R. Charness
                                              Attorney for Defendant



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Southeast Case Management Center*
Chauncey B. Davis
Vice President

2200 Century Parkway, Suite 300, Atlanta, GA 30345
telephone: 404-325-0101 facsimile: 404-325-8034
internet: http://www.adr.org/

# FAX

Date: May 8, 2007

To

**VIA FACSIMILE**

Michael R. Charness
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20004

**VIA U. S. MAIL**

Lewis Reynolds
248 Christ School Road
Arden, NC 28704

**VIA FACSIMILE**

Creighton R. Magid
Dorsey & Whitney, LLP
1050 Connecticut Avenue, NW
Suite 1250
Washington, DC 20036

Fax Number: 202-879-8980, 202-442-3199

From: Jarin Cobbin

Number of Pages: (including cover)

Re: 16 145 00824 06
    Charlies McBride Associates, Inc

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

and
Reynolds Financial Group
and
Global Energy, Inc.

MESSAGE:

In the Matter of Arbitration Between:

Re: 16 145 00824 06
Charlie McBride Associates, Inc
and
Reynolds Financial Group
and
Global Energy, Inc.

## RULING ON JURISDICTION

Pursuant to the First Administrative Order, in this matter dated March 7, 2007, the Parties have presented four written submissions dealing with whether Global Energy, Inc. is properly joined as a party in this matter. After the initial letter/brief of Claimant, these submissions were, in each case, prepared after the other Party had an opportunity to review and respond to the arguments of the other. Each party has also submitted exhibits in the form of correspondence, affidavits, etc. The written submissions by counsel were well argued and raised a number of issues to be considered.

Pursuant to Rule R-7 of the AAA Commercial Arbitration Rules, an arbitrator is empowered to rule on his own jurisdiction, "including any objections with respect of the existence, scope, or validity of the Arbitration Agreement". In this matter, the arbitration clause was contained in an engagement letter dated October 20, 2005, signed by claimant, Charlie McBride Associates and Louis A. Reynolds, President and CEO of Reynolds Financial Group. The engagement letter in its opening paragraph specifically refers to providing services to GR Development Inc., (a joint venture of Global Energy Inc., and Reynolds Financial Group, LLC) regarding the possible development of a coal-gasification/liquefaction facility (hereafter "the Project"). The final paragraph of the engagement letter similarly indicates that it purports to bind the joint venture – requesting that Reynolds execute "on behalf of Reynolds Financial Group and Global".

Without attempting to reiterate the factual contentions of the two Parties, McBride takes the position that the Agreement bound the joint venture and that therefore, Global Energy is bound by the Agreement and is a proper party to this proceeding pursuant to the Arbitration Clause. For its part, Global Energy maintains that it was never informed of the engagement letter and never authorized it that talk about a joint venture was "prospective", and that it is therefore not a proper party to this proceeding.

I have learned a great deal from the argumentation and the exhibits presented. However, business arrangements such as those described here in pursuit of a prospective project are complex and much of the factual history of this relationship remains in doubt. Certain elements, however, are clear. First, pursuant to the law of the District of Columbia (as well as other jurisdictions which have enacted the Uniform Partnership Act), a joint venture may be created without the creation of a separate legal entity. A joint venture may be created, *de facto*, when parties join together as partners to pursue a common business goal. Though the names "GR Development Inc." and later "DFI Inc." were apparently nothing more than "d/b/a's" there is

sufficient evidence in the presentations of the parties to indicate that a joint venture between Reynolds Financial Group and Global Energy Inc. did exist. Pursuant to the law of the District of Columbia, were a joint venture exists, one partner may bind the other. Finally, while there are numerous open questions regarding how well informed Harry Graves and Global Energy Inc., were regarding the agreement entered into by Reynolds on behalf of the joint venture, I find that there is sufficient evidence in the subsequent conduct of the parties to indicate acknowledgement of and acquiescence in the engagement letter. I therefore find that Global Energy Inc. is a proper party to this matter.

Ruling

Based on the information received from both parties, I find that Global Energy Inc. is a proper party to this arbitration. I wish to make clear to both parties that a ruling on jurisdiction does not constitute, for a number of reasons, a ruling on the merits of the case. This ruling is limited to the scope of my authority pursuant to Rule R-7 regarding the "existence, scope or validity of the arbitration agreement".

Pursuant to Rule R-4(b), Respondent may file an Answering Statement within fifteen (15) days of this ruling or, pursuant to sub-section (c), if no Answering Statement is filed within that time, Respondent will be deemed to deny the claim. Upon receipt of a communication from the Respondent either in the form of an Answering Statement or an indication that no Answering Statement will be filed, I will ask the parties to suggest dates for a preliminary telephone conference to arrange for exchange of documents etc., and to attempt to establish a date for a Hearing.

/s/
_____
Judd L. Kessler, Arbitrator

Dated: May 7, 2007